1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARITA N.,

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. 3:19-cv-05809

AMENDED ORDER
AFFIRMING DEFENDANT'S
DECISION TO DENY
BENEFITS

12

13

14

15

16

       Plaintiff has brought this matter for judicial review of Defendant's denial of her

applications for disability insurance ("DIB") and supplemental security income ("SSI")

benefits. The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13.  The ALJ's decision is affirmed, for the reasons described below.

17

## I.       ISSUES FOR REVIEW

18

19

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ properly evaluate Plaintiff's symptom testimony?
3. Did the ALJ err in assessing lay witness statements?

20

## II.       BACKGROUND

21

22

23

24

       Plaintiff filed applications for DIB and SSI on July 20, 2007, alleging a disability

onset date of January 1, 2005. AR 33, 132-36. Plaintiff amended her alleged onset date

to June 4, 2007. AR 33, 650. Plaintiff's applications were denied initially and upon

reconsideration. AR 33, 94-95, 96-99. A hearing was held before Administrative Law

25

Judge ("ALJ") M.J. Adams on March 23, 2010. AR 645-86. On June 18, 2010, ALJ Adams issued a decision finding that Plaintiff was not disabled. AR 30-45, 2140-55. On July 13, 2011, the Social Security Appeals Council issued an order vacating ALJ Adams' decision and remanding the case for further proceedings. AR 72-74.

On February 14, 2012, a new hearing was held before ALJ Michael Gilbert. AR 687-758. On July 6, 2012, ALJ Gilbert issued a decision finding that Plaintiff was not disabled. AR 9-29, 791-811, 2119-39. On April 6, 2013, the Appeals Council denied Plaintiff's request for review. AR 844-47, 2114-18.

On February 12, 2014, this Court granted a stipulated motion to reverse and remand this case for further administrative proceedings. AR 812-24, 2173-76. On March 25, 2014, the Appeals Council vacated ALJ Gilbert's July 6, 2012, and remanded this case for consideration of an unadjudicated period and Plaintiff's symptom testimony. AR 825-29.

On March 5, 2015, ALJ Gilbert held a new hearing. AR 1970-2034. On August 3, 2016, ALJ Gilbert issued a decision finding that Plaintiff was not disabled. AR 759-90, 2078-2109. On November 15, 2017, this Court granted a stipulated motion to reverse and remand this case for further administrative proceedings. AR 2038; Dkt. 14-1.

On January 9, 2018, the Appeals Council issued an order vacating ALJ Gilbert's August 3, 2016 decision, and remanding this case for re-consideration of the opinions of Daniels Neims, Psy.D. and Bryan Zolnikov, Ph.D., as well as statements from Plaintiff's daughter. AR 2073-77, 2162-67.

1    On December 12, 2018, ALJ Joanne Dantonio held a new hearing. AR 2611-65.

2  On May 1, 2019, ALJ Dantonio issued a decision finding that Plaintiff was not disabled.

3  AR 2035-71.

4    Plaintiff seeks judicial review of ALJ Dantonio's May 1, 2019 decision, and asks

5  this Court to remand this case for an award of benefits. Dkt. 14. Plaintiff, who returned

6  to work in March 2017, seeks disability benefits for a closed period between June 4,

7  2007 and March 1, 2017. AR 2039, 2633-34.

8                    III.    STANDARD OF REVIEW

9    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

10  denial of social security benefits if the ALJ's findings are based on legal error or not

11  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

12  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

14  *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

15                    IV.    DISCUSSION

16    In this case, ALJ found that Plaintiff had the severe, medically determinable

17  impairments of carpal tunnel syndrome; degenerative disc disease of the cervical and

18  lumbar spine, status-post cervical fusion; chronic sinus disease; migraine headaches;

19  bipolar disorder; attention deficit hyperactivity disorder, combined type ("ADHD");

20  borderline personality disorder, not otherwise specified; antisocial personality disorder;

21  schizoaffective disorder; and polysubstance abuse and dependence, in remission since

22  2012. AR 2041. The ALJ also found that Plaintiff had the non-severe impairments of

23  congenital hypoplasia and patent foramen ovale. AR 2041-42.

24

25

1    Based on the limitations stemming from Plaintiff's impairments, the ALJ found

2  that Plaintiff could perform a reduced range of light work. AR 2046. Relying on

3  vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform her

4  past work, but could perform other light, unskilled jobs; therefore, the ALJ determined at

5  step five of the sequential evaluation that Plaintiff was not disabled. AR 2068-70, 2653-

6  55.

7       A.  Whether the ALJ properly evaluated the medical opinion evidence

8    Plaintiff contends that the ALJ erred in evaluating the opinions of reviewing

9  medical expert William DeBolt, M.D., examining sources Aaron Bunnell, M.D., Michelle

10 Tanner Karuna, M.D., Loren W. McCollom, Ph.D., Anna Borisovskaya, M.D., Terilee

11 Wingate, Ph.D., Daniel M. Neims, Psy.D., and Bryan Zolnikov, Ph.D. Dkt. 14, pp. 4-13.

12    In assessing an acceptable medical source – such as a medical doctor – the ALJ

13 must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

14 either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

15 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

16 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

17 contradicted, the opinion can be rejected "for specific and legitimate reasons that are

18 supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing

19 *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

20 499, 502 (9th Cir. 1983)).

21       1.  Dr. DeBolt

22    Medical expert Dr. DeBolt reviewed the available medical record and testified

23 concerning Plaintiff's impairments and functional limitations on February 14, 2012. AR

24

25

693-703. Dr. DeBolt opined that due to Plaintiff's physical impairments, primarily

cervical spondylosis, Plaintiff would be limited to lifting 50 pounds rarely, 20 pounds

occasionally, and 10 pounds frequently, and could sit, stand, and walk for an eight-hour

day. AR 696-97. Dr. DeBolt stated that Plaintiff would not have any manipulative

limitations. AR 697.

The ALJ assigned "significant weight" to Dr. DeBolt's hearing testimony,

reasoning that it was consistent with the records he reviewed, that Plaintiff's exertional

capacity had not significantly worsened since his review, and that Plaintiff was ultimately

able to return to a job that the vocational expert testified was performed at the light

exertional level. AR 2062. The ALJ assigned less weight to Dr. DeBolt's opinion that

Plaintiff did not have any manipulative limitations, finding that Dr. DeBolt relied on

normal electrodiagnostic test results from July 2011, and subsequent records indicate

that Plaintiff's hand functioning was limited by carpal tunnel syndrome. *Id.*

Plaintiff contends that Dr. DeBolt did not review any of Plaintiff's medical records

since 2012 or Plaintiff's testimony, and did not account for the limitations caused by

Plaintiff's pain. Dkt. 14, p. 4.

Here, the ALJ acknowledged that Dr. DeBolt was only able to review the medical

record through 2012, and accounted for additional limitations that manifested

afterwards, when assessing Plaintiff's residual functional capacity ("RFC"). With respect

to Plaintiff's argument regarding pain, Plaintiff does not indicate how the existing RFC is

insufficient to account for Plaintiff's pain complaints. *See Valentine v. Comm'r Soc. Sec.*

*Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (rejecting an invitation to find that the ALJ

failed to account for a claimant's injuries "in some unspecified way" when the claimant

1   did not detail what other limitations flow from the evidence of his injuries, beyond the

2   limitations already listed in the RFC).

3       2.  Dr. Bunnell

4       Dr. Bunnell examined Plaintiff on November 12, 2011. AR 399-410. Based on

5   this examination, Dr. Bunnell opined that Plaintiff would not have any functional

6   limitations, beyond the need to avoid balancing and climbing, and operating a motor

7   vehicle, working at heights and around heavy machinery due to her reports of fainting

8   spells. AR 403-10.

9       The ALJ assigned "some weight" to Dr. Bunnell's opinion, reasoning that it was

10  consistent with the results of Dr. Bunnell's examination, but that Dr. Bunnell only

11  examined Plaintiff once, and that the medical record justified the additional limitations

12  contained in the RFC. AR 2062.

13      Plaintiff contends that Dr. Bunnell's opinion is actually inconsistent with the

14  results of his examination, which revealed reduced sensation in Plaintiff's right hand and

15  lateral left calf. Dkt. 14, p. 5, citing AR 401-03. Dr. Bunnell's finding that Plaintiff had

16  mildly reduced sensation in her hand and left calf is not inconsistent with his conclusion

17  that Plaintiff would not have any meaningful functional limitations, and even if the ALJ

18  erred in assessing Dr. Bunnell's opinion, any error would be harmless, given that the

19  ALJ assessed significantly more restrictive limitations than Dr. Bunnell. *Molina v. Astrue*,

20  674 F.3d 1104, 1115 (9th Cir. 2012) (noting that harmless error principles apply in the

21  Social Security context).

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3.  <u>Dr. Karuna</u>

Dr. Karuna examined Plaintiff concerning left shoulder and neck pain as well as problems with her hands, on November 14, 2008. AR 546-50. Based on the results of her examination, Dr. Karuna opined that Plaintiff would have no limitations with respect to sitting, standing, or walking, but would be unable to lift or carry more than 10 pounds occasionally, would have "significant" manipulative limitations with respect to handling, feeling, grasping, or fingering, and could reach frequently. AR 546-50.

The ALJ assigned "some weight" to Dr. Karuna's opinion, reasoning that Dr. Karuna's opinion that Plaintiff would have no sitting, standing, or walking limitations was consistent with the record, but that her opinion regarding Plaintiff's lifting, reaching, and manipulative limitations was inconsistent with Plaintiff's testimony at the March 23, 2010 hearing. At the March 23, 2010 hearing she testified that she could lift up to 50 pounds and manipulate objects as small as a paper clip without difficulty, and with the essentially normal results of physical examinations and diagnostic tests conducted between 2008 and 2011. AR 2062-63.

An inconsistency with the medical record can serve as a specific and legitimate reason for discounting limitations assessed by a physician. *See 20* C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

The ALJ's conclusions are consistent with Plaintiff's statements during the March 2010 hearing, during which she testified that she could lift 50 pounds "here and there"

1  and could probably lift up to 20 pounds regularly, could manipulate doorknobs, and
2  buttons and zippers "most of the time", pick up loose change, and manipulate objects as
3  small as a paper clip. AR 658-59, 677-78.

4       The ALJ's finding is also consistent with the medical record, which indicates that
5  despite exhibiting tingling, numbness, and weakness in her hands, electrodiagnostic
6  tests conducted on Plaintiff's hands in July 2011 were normal, and revealed no
7  evidence of carpal tunnel syndrome. AR 344-47.

8       4. <u>Dr. McCollom</u>

9       Clinical Psychologist Dr. McCollom evaluated Plaintiff on October 23, 2007 at the
10  request of the Washington Department of Social and Health Services ("DSHS"). AR
11  562-75. Dr. McCollom's evaluation consisted of a clinical interview, a mental status
12  evaluation, and psychological testing. Based on the results of this evaluation, Dr.
13  McCollom opined that Plaintiff would be able to maintain adequate attentional control to
14  perform tasks involving memory and concentration, would not become overwhelmed or
15  anxious by demands or expectations that she function efficiently and with sufficient
16  speed in a work setting, and had no problems with respect to memory speed or in the
17  acquisition of information from memory. AR 572.

18       Dr. McCollom opined that while Plaintiff's ability to reason and make decisions
19  "may sometimes" be compromised by her symptoms, her overall level of cognitive
20  functioning was above average, and that Plaintiff's ability to interact with others in a
21  work setting would "most likely" be compromised by manic episodes related to her
22  bipolar disorder. AR 573. Dr. McCollom added that Plaintiff "might be appropriate for

23
24
25

1   work that requires interfacing with the public on a limited basis if she has appropriate
2   supervision." *Id.*

3       Dr. McCollom further opined that Plaintiff had no limitations with respect to her
4   ability to understand, remember and follow instructions in routine tasks that require both
5   immediate and delayed memory, and could perform simple or complex tasks in a work
6   setting. AR 573-74. Dr. McCollom added that Plaintiff's ability to maintain concentration,
7   persistence, and pace were not impaired, but that her bipolar symptoms "might" impose
8   moderate limitations on her ability to withstand the day-to-day stresses associated with
9   work activity. AR 574.

10      Dr. McCollom concluded that Plaintiff possessed the cognitive capabilities to be
11  successful at work, but that her bipolar symptoms might interfere with her ability to hold
12  a job, and that her prognosis for work was "guarded." AR 575.

13      The ALJ found that Dr. McCollom's opinion that Plaintiff could understand,
14  remember, and follow simple to complex instructions and maintain attention and
15  concentration sufficient to perform simple, repetitive tasks was supported by the record,
16  which indicates that Plaintiff's mental health symptoms improved with medication and
17  mental health counseling. AR 2063.

18      However, the ALJ assigned "little weight" to Dr. McCollom's opinion that Plaintiff
19  might have difficulty interacting with others and sustaining pace in a work setting,
20  reasoning that: (1) at the time of Dr. McCollom's evaluation, Plaintiff was not taking her
21  prescribed medication, which improved her symptoms; (2) Dr. McCollom's opinion is
22  inconsistent with the results of Plaintiff's self-reported activities of daily living; (3) Dr.
23  McCollom's opinion is inconsistent with the results of his own examination, during which

24

25

1  he interacted with Plaintiff in a calm and friendly manner; and (4) Dr. McCollom's

2  opinion is inconsistent with the results of a consultative examination conducted in

3  November 2008 (AR 541-45), during which Plaintiff did not exhibit any difficulties with

4  maintaining concentration, persistence, or pace. AR 2063.

5      Plaintiff contends that her mental functional limitations "persisted for many years,

6  even while she was taking medication." Dkt. 14, p. 6. However, Plaintiff does not dispute

7  that her mental health symptoms improved when she was compliant with her treatment

8  regimen, and does not propose that the restrictions contained in Dr. McCollom's

9  opinion, even if credited as true, would result in social and concentration limitations

10  beyond those already contained in Plaintiff's RFC -- which restricts Plaintiff to

11  performing no more than simple, routine tasks with a reason level of two, occasional

12  interaction with co-workers, and no more than incidental contact with the public. AR

13  2046; *see infra* Section IV.A.6.

14      5.  Dr. Borisovskaya

15      Psychiatrist Dr. Borisovskaya examined Plaintiff on November 16, 2008. AR 541-

16  45. Dr. Borisovskaya's evaluation consisted of a clinical interview, a review of Plaintiff's

17  function report and Dr. McCollom's evaluation, and a mental status examination.

18      Based on the results of her evaluation, Dr. Borisovskaya opined that Plaintiff

19  would be able to perform simple and repetitive, as well as detailed and complex tasks,

20  given the results of her examination, Plaintiff's self-reported activities of daily living, and

21  her description of her past work. AR 545.

22      Dr. Borisovskaya further opined that Plaintiff would have trouble getting through

23  the workday without interference from her mental health problems because she

24

25

1   continues to have mood instability, and work-related stress would cause her difficulties

2   and possibly exacerbate her symptoms. *Id.*

3       Dr. Borisovskaya recommended that Plaintiff have a payee, based on her self-

4   reported difficulties handling money, and noted that Plaintiff might have difficulty getting

5   along with co-workers and the public based on her self-reported difficulties getting along

6   with previous employers and her criminal history. *Id.*

7       The ALJ assigned "some weight" to Dr. Borisovskaya's opinion, reasoning that

8   her opinion that Plaintiff could perform simple, repetitive tasks, as well as detailed and

9   complex tasks, and that Plaintiff's difficulties getting along with coworkers and

10  supervisors would not be significant enough to prevent her return to work was

11  supported by the record, which indicates that while Plaintiff reported a history of

12  interpersonal conflict, she generally presented in a cooperative manner and had no

13  significant problems interacting with others on a brief and superficial basis. AR 2063.

14      However, the ALJ assigned "little weight" to Dr. Borisovskaya's opinion that

15  Plaintiff would have trouble getting to work every day and getting through a workday

16  due to mood instability, reasoning that the only support for this opinion were the

17  claimant's self-reported symptoms, and it was inconsistent with the results of Dr.

18  Borisovskaya's own examination, which showed that Plaintiff presented with a euthymic

19  mood and calm affect. *Id.*

20      An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a

21  claimant's self-reports that have been properly discounted as incredible." *Tommasetti v.*

22  *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec.*

23  *Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)).

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 11

This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

For the reasons discussed below, the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony. *See infra* Section IV.B.

Further, while Dr. Borisovskaya's opinion is supported by her own clinical observations, and the results of a mental status examination, Dr. Borisovskaya explicitly noted that Plaintiff's description of her past social difficulties were based on her self-reports, and stated that she "may" have similar problems in the future. AR 545. Dr. Borisovskaya's equivocal language is consistent with the results of her examination, during which Plaintiff was calm and cooperative, and did not exhibit any mood abnormalities. AR 543-44.

Finally, Dr. Borisovskaya explicitly found that Plaintiff's communication and interpersonal problems were not significant enough to prevent her from returning to work, a conclusion broadly consistent with the ALJ's finding that Plaintiff could perform work with a range of work-related social limitations. AR 545, 2046.

6. Dr. Wingate

Psychologist Dr. Wingate examined Plaintiff on February 8, 2010 for DSHS. AR 1436-51. Dr. Wingate's evaluation consisted of a clinical interview, a mental status examination, a review of the available records, and psychological testing. Based on the

results of this evaluation, Dr. Wingate opined that Plaintiff would have a range of mild, moderate and marked mental limitations, and would be unable to participate in work activity. AR 1442, 1508-09.

The ALJ assigned "little weight" to Dr. Wingate's opinion, reasoning that: (1) to the extent Plaintiff was experiencing a flare up of her mental health symptoms at this time, this was due to her not taking her prescribed medication for three months; (2) Dr. Wingate provided no clinical support for her conclusion that Plaintiff would have marked limitations with respect to interacting appropriately with the public, responding to pressures and the expectations of a normal work setting, and maintaining appropriate behavior in a work setting; and (3) Dr. Wingate's opinion is inconsistent with Plaintiff's self-reported activities of daily living. AR 2064.

Plaintiff states that her failure to take her prescribed medications for three months is not a legitimate reason for discounting Dr. Wingate's opinion. Dkt. 14, p. 8. However, an inadequately explained failure to follow a prescribed treatment regimen can serve as a specific and legitimate reason for discounting a physician's opinion. See Social Security Ruling ("SSR") 16-3p (if an individual fails to follow prescribed treatment that might improve symptoms, an ALJ may find that the alleged intensity of an individual's symptoms is inconsistent with the record. SSR 16-3p; *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to . . . follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony.").

Here, the record indicates that while Plaintiff has sometimes refused to take some of her medications, citing their ineffectiveness or side effects, and has

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 13

occasionally been unable to take her medication, due to transportation and mail issues and travel, she has more typically not provided an adequate explanation for her non-compliance, acknowledged that her symptoms improved significantly when she was compliant with her treatment regimen, and sought to resume her regimen following periods of non-compliance. AR 292-93, 304-05, 313, 519-20, 523-25, 528-29, 531-33, 538-39, 542, 563-64, 571, 577-78, 580-82, 1130, 1393, 1442-43, 1572-73, 1577, 1601-02, 1605-06, 1789, 1807-09, 1812, 1879-82, 1886-87, 1893, 1916, 1920, 2637-38. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability).

The ALJ provided additional reasons for discounting Dr. Wingate's opinion, therefore the Court need not assess whether these reasons were proper -- any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

7. Dr. Neims

Clinical Psychologist Dr. Neims evaluated Plaintiff three times for DSHS. Dr. Neims first examined Plaintiff on December 22, 2011. AR 1529-50. Dr. Neims' evaluation consisted of a clinical interview, a mental status examination, and psychological testing. Based on the results of this evaluation, Dr. Neims opined that

1  Plaintiff would have a range of mild, moderate, and marked work-related mental

2  limitations. AR 1533, 1543-45.

3  Dr. Neims examined Plaintiff again on September 3, 2013. AR 1552-70. His

4  evaluation again consisted of a clinical interview, a mental status examination, and

5  psychological testing. Based on the results of this evaluation, Dr. Neims again opined

6  that Plaintiff would have a range of mild, moderate, and marked work-related mental

7  limitations. AR 1556.

8  Dr. Neims examined Plaintiff for the third time on July 23, 2015. AR 1848-65. His

9  evaluation again consisted of a clinical interview, a mental status examination, and

10  psychological testing, and he assessed identical mild, moderate, and marked work-

11  related mental limitations to those he assessed in 2013. AR 1850, compare with AR

12  1556.

13  The ALJ gave "little weight" to Dr. Neims' opinions, reasoning that: (1) Plaintiff

14  was not taking her medication reliably during the period at issue; and (2) Plaintiff's

15  presentation during Dr. Neims' evaluations was inconsistent with her behavior during

16  examinations from the same period. AR 2064-65.

17  For the reasons discussed above in connection with Dr. Wingate's opinion, the

18  ALJ's conclusion that Plaintiff was often non-compliant with her treatment regimen, and

19  that her symptoms improved while she was on medication, is supported by substantial

20  evidence. *See supra* Section IV.A.6.

21  8.  Dr. Zolnikov

22  Dr. Zolnikov examined Plaintiff for DSHS on August 26, 2015. AR 1866-75. Dr.

23  Zolnikov's evaluation consisted of a review of a brief disability questionnaire completed

24

25

1  by Plaintiff, a clinical interview, and a mental status examination. Based on the results of

2  this evaluation, Dr. Zolnikov opined that Plaintiff would have a range of mild, moderate,

3  and marked mental limitations. AR 1868.

4        The ALJ assigned "very little weight" to Dr. Zolnikov's opinion, again citing

5  Plaintiff's history of sporadic medication compliance, noting that Plaintiff was not taking

6  her medication when she visited Dr. Zolnikov, her functional capacity improved

7  significantly when she began taking her medication regularly, and that her symptoms

8  were stable even when dealing with personal stressors. AR 1878, 1882, 1886-87, 1893,

9  2065. For the reasons discussed above in connection with the opinions of Dr. Wingate

10  and Dr. Neims, the ALJ's conclusions concerning Plaintiff's medication non-compliance

11  and her improvement with treatment are supported by substantial evidence. *See supra*

12  Sections IV.A.6 and IV.A.7.

13        B.  Whether the ALJ erred in evaluating Plaintiff's testimony

14        Plaintiff contends that the ALJ did not provide clear and convincing reasons for

15  discounting her symptom testimony. Dkt. 14, pp. 14-16.

16        In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

17  *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

18  there is objective medical evidence of an underlying impairment that could reasonably

19  be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

20  F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

21  evidence of malingering, the second step allows the ALJ to reject the claimant's

22  testimony of the severity of symptoms if the ALJ can provide specific findings and clear

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 16

1    and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

2    *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

3          In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's

4    allegations concerning her cervical and lumbar impairments are inconsistent with the

5    record, which indicates that Plaintiff's cervical degenerative disc disease largely

6    resolved with surgery, and her lumbar pain was episodic and intermittent; (2) Plaintiff's

7    allegations are inconsistent with her self-reported activities of daily living; (3) Plaintiff's

8    headaches were episodic, and intermittent exacerbations were managed with

9    medication; (4) Plaintiff's carpal tunnel symptoms improved when she wore wrist

10   braces, and she was able to perform a wide range of manipulative activities; (5)

11   exacerbations in Plaintiff's mental health symptoms occurred when she stopped taking

12   her medication, or in the context of situational stressors, and Plaintiff's mental health

13   symptoms improved when she was compliant with her treatment regimen; and (6)

14   Plaintiff's allegations concerning her mental health symptoms are inconsistent with her

15   self-reported activities of daily living. AR 2061-62.

16         Plaintiff concedes that her cervical spine problems largely resolved following her

17   June 2010 cervical discectomy and fusion surgery, but argues is not a convincing

18   reason to reject her testimony about the limitations she had prior to her surgery. Dkt. 14,

19   p. 15; AR 412. However, as discussed above in connection with the opinion evidence,

20   particularly the opinions of Dr. DeBolt, Dr. Bunnell, and Dr. Karuna, the record between

21   Plaintiff's alleged onset date of June 4, 2007 and June 2010 does not support limitations

22   beyond those contained in the existing RFC. *See supra* Section IV.A.

23

24

25

1   With respect to Plaintiff's lumbar pain and headaches, Plaintiff contends that the

2   fact that her condition improved for short periods is not a clear and convincing reason

3   for discounting Plaintiff's testimony. Dkt. 14, p. 15.

4   The ALJ's finding that Plaintiff's lumbar pain was episodic, intermittent, and

5   resulted in few functional limitations is supported by the record, which indicates that

6   Plaintiff periodically complained of lower back pain, imaging of her lumbar spine

7   revealed a small disc protrusion and mild canal stenosis, and the physicians who

8   offered opinions concerning Plaintiff's physical limitations, including Dr. DeBolt, Dr.

9   Bunnell, and Dr. Karuna, all opined that Plaintiff would have few limitations with respect

10  to sitting, standing, or walking. AR 350, 377, 403-10, 462-63, 546-50, 696-97, 1320,

11  1330.

12  The ALJ's finding that Plaintiff's headaches were episodic, intermittent

13  exacerbations were managed with medication is supported by Plaintiff's own hearing

14  testimony, in which she stated that her migraines gradually improved, and were

15  effectively managed with over the counter medication such as Excedrin. AR 2645-48.

16  Regarding Plaintiff's carpal tunnel syndrome, Plaintiff contends that much of the

17  evidence the ALJ cited in support of her findings is from "years ago." Dkt. 14, p. 15;

18  citing AR 2061-62. Plaintiff does not cite more recent evidence inconsistent with the

19  ALJ's conclusions, and as discussed above in connection with Dr. DeBolt's opinion, the

20  ALJ acknowledged that the medical record after 2012 indicated that Plaintiff did have

21  manipulative limitations associated with her carpal tunnel syndrome, and assessed

22  physical limitations consistent with this finding. AR 2062; *see supra* Section IV.A.1.

23

24

25

C.  Whether the ALJ erred in evaluating statements from other sources

Plaintiff contends that the ALJ erred by not properly evaluating statements from counselors Sirrah M. Williams, B.A., and Ron Lewis, M.S., Sylvia Lagdan, ARNP, occupational therapist Stephanie Tollan, Plaintiff's daughter, and Plaintiff's mother. Dkt. 14, pp. 8-9, 12-13, 16-18.

When evaluating opinions from non-acceptable medical sources, an ALJ may expressly disregard such testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §§ 404.1502, 416.902.

1.  Ms. Williams and Ms. Lewis

Plaintiff's counselors, Ms. Williams and Ms. Lewis, offered an opinion concerning her work-related mental limitations on April 14, 2010, after treating Plaintiff for about eight months. AR 465-68. Ms. Williams and Ms. Lewis opined that Plaintiff would have a range of moderate and marked mental limitations stemming from her bipolar disorder. AR 465-68.

The ALJ gave "little weight" to this opinion, reasoning that: (1) it was inconsistent with the medical record; (2) it was inconsistent with Plaintiff's self-reported activities; (3) Plaintiff failed to show up for three of her therapy appointments; and (4) Ms. Williams' treatment notes indicate that Plaintiff's mental health symptoms improved with treatment. AR 2064.

In citing the inconsistency between the opinion of Ms. Williams and Ms. Lewis and the medical record, the ALJ has provided a germane reason for discounting it. *See*

1    *Baylis v. Barnhart*, 427 F.3d 1214, 1218 (9th Cir. 2005) ("Inconsistency with medical

2    evidence" is a germane reason for discrediting lay testimony).

3              2.  Ms. Lagdan

4              On July 15, 2009, Ms. Lagdan opined that Plaintiff's bipolar symptoms would

5    render her unable to work for six months. AR 1506-07. On February 7, 2011, Ms.

6    Lagdan opined that Plaintiff would be limited to working for between one and ten hours

7    per week due to her bipolar symptoms. AR 1510-11.

8              The ALJ assigned "little weight" to Ms. Lagdan's opinion, reasoning that it was

9    inconsistent with essentially normal contemporaneous mental status exams. AR 2064.

10   In citing this inconsistency, the ALJ has provided a germane reason for discounting Ms.

11   Lagdan's opinion.[1] *Baylis*, 427 F.3d at 1218.

12             3.  Ms. Tollan

13             On July 30, 2015 occupational therapist Ms. Tollan examined Plaintiff, and

14   opined that she would be able to stand and/or walk for between one and one and a half

15   hours in an eight-hour day, and would have no limitations with respect to sitting. AR

16   2559. Ms. Tollan further opined that Plaintiff could never to seldom climb stairs, seldom

17   squat/kneel, occasionally stoop/bend, frequently reach forward and occasionally reach

18   overhead, and had a mild coordination deficit in her hands. *Id.*

19             Ms. Tollan found that Plaintiff could perform sedentary work, but might not

20   tolerate this on a full-time basis given her migraines and reports of a stabbing sensation

21   in her feet. AR 2560.

22

23   _____
     [1] Plaintiff contends that the ALJ erred by failing to evaluate Ms. Lagdan's July 2009 opinion. Dkt. 14, p. 9.
     While the ALJ did not mention this opinion, she did cite to it, and evaluated the limitations contained
24   therein. AR 2064.

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 20

The ALJ assigned "very little weight" to Ms. Tollan's opinion, reasoning that: (1) it was inconsistent with Plaintiff's self-reported activities and her hearing testimony; and (2) Ms. Tollan suspected that Plaintiff was giving less than her full effort. AR 2065-66.

In citing the disparity between Plaintiff's self-reported activities and capabilities and Ms. Tollan's findings, the ALJ has provided a germane reason for discounting her opinion. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2007) (conflict between lay witness testimony with plaintiff's activities of daily living constitutes a germane reason for rejecting such testimony);

4.  Plaintiff's Mother

Plaintiff's mother provided a statement concerning her functional capacity on August 11, 2007, but was unable to provide much detail concerning Plaintiff's limitations, stating that she did not live with Plaintiff and was unfamiliar with her daily routine. AR 170-77.

The ALJ discounted her opinion, reasoning that her limited subjective observations of Plaintiff did not support limitations greater than those contained in Plaintiff's RFC. AR 2067.

Plaintiff contends that the ALJ's reason is not germane because Plaintiff's mother's "observations were not subjective; observations are objective." Dkt. 14, p. 17.

Regardless of whether one classifies the observations of a family member as subjective or objective, Plaintiff's mother was clear that she had limited information concerning her daughter's functional capacity, and the ALJ has provided a germane reason for not assigning more weight to her statement.

1  5. Plaintiff's Daughter

2  Plaintiff's daughter provided two statements concerning her mother's functional

3  capacity in May 2014, both of which were broadly consistent with Plaintiff's allegations

4  concerning her physical and mental limitations. AR 965-72, 980-82, 1233-40.

5  The ALJ discounted these statements, finding that they were inconsistent with

6  Plaintiff's activities of daily living, and did not justify limitations beyond those contained

7  in the RFC. AR 2067. In citing the inconsistency of these statements with Plaintiff's

8  activities, the ALJ has provided a germane reason for discounting them. *Carmickle v.*

9  *Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2007); *see also Valentine v.*

10  *Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (An ALJ may reject lay

11  witness testimony for the same reasons he or she rejected a claimant's subjective

12  complaints if the lay witness statements are similar to such complaints).

13  CONCLUSION

14  Based on the foregoing discussion, the Court finds the ALJ properly determined

15  Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

16  AFFIRMED.

17  Dated this 6th day of January, 2021.

18

19  Theresa L. Fricke
   United States Magistrate Judge

20

21

22

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 22